UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PHILIP A. MCWILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | No.: 3:16-CV-439-CLC-HBG ) ) |
| SEVIER COUNTY, QUALITY CORRECTIONAL HEALTHCARE, JESSIE TIMBROOK, and KATIE COLLIER, | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint filed pursuant to 42 U.S.C. § 1983. On April 17, 2019, the Court entered an order noting that on March 28, 2019, the Court became aware that the Tennessee Department of Correction's Felony Offender Information website listed Plaintiff as "paroled" and that Plaintiff had not notified the Court of any change in address in more than fourteen days despite the Court's twice notifying him that he is required to do so [Doc. 24 p. 1]. Accordingly, the Court allowed Plaintiff fifteen days from the date of entry of the order to show cause as to why this matter should not be dismissed for failure to prosecute and directed the Clerk to send the order to the address on the Court's docket and to the permanent address listed in Plaintiff's complaint [*Id.* at 1–2]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this action [*Id.* at 2]. More than twenty days have passed and Plaintiff has not complied with this order or otherwise communicated with the Court. Further, the United States Postal Service returned the Court's mailing of the order to Plaintiff at the address listed on the Court's docket sheet as undeliverable, with a notation indicating that Plaintiff has been released [Doc. 25].

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that either Plaintiff did not receive the order because he failed to update his address and/or monitor this action as this Court's Local Rule 83.13 requires, or he did receive the Court's order at his permanent home address and chose not to respond. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 24 p. 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding *in forma pauperis* [Doc. 7 pp. 1–2] and he is not responding to the Court's orders.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**